Thomas Easton CSB#109218
Law Office of Thomas Easton
967 Sunset Dr
Springfield, OR 97477
541-746-1335
easton3535@gmail.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT FOR CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TANESHA WALLS BLYE, et al., | CV-11-5046-DWM |
| Plaintiffs, | **REQUEST TO TAKE JUDICIAL NOTICE OF RECENT EVENTS RELEVANT TO THE LEGAL ISSUES IN THIS CASE and EXHIBITS IN SUPPORT (FRE 201)** |
| vs. | |
| CALIFORNIA SUPREME COURT, et al., | |
| Defendants. | |
| JOSE E. GARCIA, et al., | CV-12-4504-DWM |
| Plaintiffs, | |
| vs. | |
| CALIFORNIA SUPREME COURT, et al., | |
| Defendants. | |

### REQUEST TO TAKE JUDICIAL NOTICE

Plaintiffs request this Honorable Court to Take Judicial Notice that the California Supreme Court has held that undocumented aliens are entitled to a California law license. *See In re SERGIO GARCIA on Admission* S202512. Exhibit A is the Los

Angeles Times article titled, "Immigrant's law license case in California could affect others," summarizing the decision; Exhibit B is a copy of the California Supreme Court's decision *In re SERGIO GARCIA* on Admission S202512 filed last week on January 2, 2014.

More particularly, the California Supreme Court squarely held aliens — who are admittedly in this country illegally, and who admittedly under federal law are wholly barred from working in the United States, *Id*. at 25 — nevertheless, are entitled to a California law license because "it would be inappropriate to deny a law license to such an individual on the basis of an assumption that he or she will not comply with the existing restrictions on employment imposed by federal law." *Id*. at 28.  *See* Exhibit B. The California Supreme Court held it will not presume that SERGIO GARCIA as a licensed lawyer and undocumented alien will violate the law.

This *SERGIO GARCIA* landmark decision is relevant because it's reasoning and holding reinforces Plaintiffs' claims and it provides illegal aliens with rights that are denied to American citizens.  Plaintiffs aver, including JOSE GARCIA, a legal alien who graduated from an ABA accredited law school and is an experienced licensed New Mexico lawyer, should be eligible for the same general bar admission privileges in California that SERGIO GARCIA has been provided. In the SERGIO GARCIA case, the California Legislature authorized the California Supreme Court to admit illegal aliens.

In this case, the California Legislature in SB 1782 (2000) has also authorized the California Supreme Court to provide reciprocal admission on motion to sister-state attorneys.[1] It is irrational to presume that inexperienced and undocumented lawyers will *not* violate the law, and at the same time presume that experienced American citizen licensed lawyers will violate the law. This makes no sense.

Nevertheless, and more particularly, a devil's advocate could argue that the distinction and reason that SERGIO GARCIA should be treated differently from JOSE

---

[1] *See* ECF 63 (SB 1782) Plaintiffs' Motion for Summary Judgment Exhibit.
[2] Robert MacCrate is the distinguished former chairman of the ABA's "Task Force on

GARCIA is because SERGIO GARCIA passed the California bar exam and JOSE GARCIA, and the ten other licensed lawyers in this case did not.  This distinction will not bear close examination for several reasons.

First, the United States Supreme Court has held bar admission on motion is constitutionally protected privilege and immunity, the norm is reciprocal admission on motion, and that it will not presume that sister-state attorneys will violate the law as a basis for denying them reciprocal admission (without taking another bar exam). *Supreme Court of Virginia v. Friedman*, 487 U.S. 59 (1988).

Second, equally important, Congress has legislated in the *Rules Enabling Act* that Federal District Court Local Rules (admission rules challenged in this case) "shall not modify, abridge, or enlarge any substantive right." 28 U.S.C § 2072(b) Thus, under the Federal District Court Local Rules that vicariously adopt California law, SERGIO GARCIA has the substantive right to Federal District Court admission, while JOSE GARCIA is denied that same privilege and immunity.

Third, JOSE GARCIA seeks the same equal fundamental rights that the Supreme Court has provided to gays and lesbians when it invalidated the DOMA Act in *United States v. Windsor*, 570 U.S. __, 133 S.Ct. 2675 (2013).  Under *Windsor*, and the IRS interpretation of *Windsor* (Plaintiffs have previously requested Judicial Notice of that case)*,* JOSE GARCIA has the substantive right to have his marriage status recognized under federal law (i.e. full faith and credit), but under the challenged Local Rules JOSE GARCIA does not have the substantive right to have his status as a licensed lawyer recognized. This inequality and abridgement of substantive rights trespasses the *Rules Enabling Act*.

Plaintiff JOSE GARCIA seeks in his Amended Complaint and Motion for Summary Judgment the same equal federal rights that have been provided to gays and lesbians and illegal aliens, which have been authorized by the United States Supreme Court and California Supreme Court *after the last hearing in this case held on January 22, 2013*.  Plaintiffs further aver the landmark decisions in SERGIO GARCIA and *Windsor* refute defense counsels' claim that *this Court should dismiss Plaintiffs claims*

*for allegedly violating a 1999 pre-filing order*. Since the California Supreme Court has held "it would be inappropriate to deny a law license to such an [illegal alien] on the basis of an assumption that he or she will not comply with the existing restrictions on employment imposed by federal law," *Id*. at 28, it follows that it would be just as inappropriate to presume that JOSE GARCIA, and ten other experienced American citizen-lawyers will violate the law.

More particularly, Federal Rule of Evidence Rule 702. *Testimony by Experts*, provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Plaintiffs, including JOSE GARCIA, allege in comprehensive detail in their Amended Complaint, and have submitted a plethora of evidence in their Motion for Summary Judgment, establishing the following:

- The purpose of a bar exam is to assure a *minimum* level of competence in order to provide public protection.
- According to the ABA experienced attorneys do not need to take a second bar exam. The legal industry standard for licensing sister-state attorneys is reciprocal admission. (Adopted in 39 States and the District of Columbia; 40,000 lawyers admitted on motion in the last five years)
- According to the Uniform Bar Exam Commission even novice attorneys should not have to take a second bar exam. (Adopted in 13 States including Montana; *See* ECF 97 Request for Judicial Notice).

- According to the ABA MacCrate Commission nine out of ten fundamental lawyering skills cannot be tested on a bar exam.[2]
- According to expert witnesses Dr. Phillip Ackerman and Dr. McClelland the California bar exam for experienced attorneys is not a valid or reliable test; it has a *standard error of measurement* greater than fifty percent. *See* Plaintiffs' Motion for Summary Judgment Exhibits 62.9-13.
- Psychometric testing research has demonstrated that it is almost impossible to get graders of subjective tests to agree on scores.[3]

Plaintiffs aver the results of California's licensing test for already qualified attorneys is not admissible into evidence under Federal Rules of Evidence 702 and the *Daubert* line of cases because the legal industry standard for licensing sister-state attorneys is admission on motion according to the ABA, the Uniform Bar Exam Commission, the Conference of Chief Justices, and Supreme Court justices in 39 States and the District of Columbia.

Plaintiffs argue requiring experienced attorneys to pass California's 100% subjective test that has a *standard error of measuremen*t greater than fifty percent, that fails two out of three experienced attorneys, in this 21st Century internet connected world is analogous to requiring African-Americans to pass a literacy test in order to vote; it is analogous to the 17th Century licensing of printing presses.

The California bar exam is not a valid and reliable test; it fails to meet the standards imposed by FRE 702, and California has not submitted any evidence refuting

---

[2] Robert MacCrate is the distinguished former chairman of the ABA's "Task Force on Law Schools and the Profession" (1992). The "MacCrate Report" identifies ten fundamental lawyering skills: (1) problem solving, (2) legal analysis and reasoning, (3) legal research, (4) factual investigation, (5) communication, (6) counseling, (7) negotiation, (8) litigation and alternative dispute resolution, (9) the organization and management of legal work, (10) professional self-development.

[3] *See* Geoff Norman, "So What Does Guessing the Right Answer Out of Four Have to Do With Competence Anyway?" *The Bar Examiner*, (Nov 2008

the findings of the ABA, UBEC, 39 State Supreme Courts, and Plaintiffs' testing experts.

Dated: January 6, 2014          Respectfully submitted.

                                               /s/ *Thomas Easton*
                                               Thomas Easton
                                               Attorney for Plaintiffs