THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| TANESHA WALLS BLYE, *et al.*, | CV 11–5046–DWM |
| Plaintiffs, | |
| vs. | ORDER |
| CALIFORNIA SUPREME COURT, *et al.*, | |
| Defendants. | |

This matter came before the Court for a hearing on the Motion to Dismiss and Motion to Clarify and Modify the Pre-Filing Order brought by Defendant California Supreme Court.  (*See* Docs. 34, 86.)  Defendant United States District Court for the Northern District of California joins in the Motions and offers its own Motion to Dismiss.  (Doc. 74.)  Defendants bring the Motion to Dismiss pursuant to the pre-filing order entered in *Paciulan v. George*, 38 F. Supp. 2d 1128, 1147 (N.D. Cal. 1998), and Federal Rule of Civil Procedure 12(b)(6).  (*See* Docs. 34 and 74.)  Having considered the parties' briefs, the arguments of counsel, and other documents on file in the instant case and the related *Paciulan* matter, (*see* Doc. 12), the Motions to Dismiss are granted and the Motion to Clarify and

-1-

Modify the Pre-Filing Order is denied.  Plaintiffs' Second Amended Complaint[1] is dismissed without leave to amend because most claims fail to meet the requirements of the pre-filing order.  Those claims that survive the pre-filing order screen are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), as Federal Defendants' sovereign immunity deprives this Court of subject matter jurisdiction.  In light of this conclusion, Plaintiffs' Motion for Summary Judgment, (Docs. 61-65), is denied as moot.  The case is dismissed with prejudice.

## I.    Background

Among the inherent powers of the California Supreme Court is the power to admit attorneys to practice.  *People ex rel. Mulford v. Turner*, 1 Cal. 143, 150 (Cal. 1850).  The power to determine the standards and requirements for admission to the practice of law is an expression of the status of attorneys as an officer of the court.  *In re Lavine*, 41 P.2d 161, 162 (Cal. 1935).  While admission to the practice of law is ultimately a judicial function, "it is generally conceded that the Legislature may prescribe reasonable rules and regulations for admission

---

[1] The Second Amended Complaint is now the operative complaint in this matter.  On Plaintiffs' own representation, it does not drastically differ from the Complaint.  (*See* Doc. 89 at 45.)  The State Defendants' Motion to Dismiss was filed in response to the Complaint.  The Court finds the arguments it raises are fairly applicable to the Second Amended Complaint.

to the bar which will be followed by the courts." *Id*.  This is a pragmatic approach, grounded in the notion "that the separation of powers principle does not command 'a hermetic sealing off of the three branches of Government from one another.'" *Hustedt v. Workers' Comp. Appeals Bd.*, 30 Cal. 3d 329, 338 (Cal. 1981) (in bank) (quoting *Buckley v. Valeo*, 424 U.S. 1, 121 (1976)).  The California Supreme Court and the California Legislature have acted on this authority.  The California Supreme Court has charged the California State Bar with maintaining the Roll of Attorneys admitted to practice in California.  Cal. R. of Ct. 9.6.  It has also acted to regulate the appearance and practice of attorneys who are not members of the State Bar of California.  *See* Cal. R. of Ct. 9.40 *et seq.* This Federal District Court incorporates the California Supreme Court and the state bar's admission requirements by rule.  *See* L.R. 11-1.

This case presents challenges to the rules governing admission to the practice of law in California.  Plaintiffs are a group of attorneys who wish to practice law in California.  California has no procedure for admission to the state bar on motion.  In addition to meeting other requirements, attorneys admitted to the active practice of law in another United States jurisdiction for at least four years must pass the California Bar Attorneys' Examination.  Plaintiffs have not passed the examination and are therefore not entitled to be admitted to practice

law before California state courts or the United States District Court for the

Northern District of California.  Plaintiffs claim they should be entitled to apply

for admission to the California Bar on motion.  Defendants are California state and

federal justices and judges and their respective courts.[2]

Plaintiffs are represented by Joseph Giannini.  (*See* Doc. 108.)  Giannini has

acted as party or attorney in a number of futile challenges to the validity of the

requirements for admission to practice law in federal and California state courts

dating back to 1987.[3]  He began this crusade after failing the California Bar

Examination in July 1986 and February 1987.   Based on the string of previous

litigation over these issues, this Court entered a pre-filing order enjoining Giannini

from filing further actions as an attorney or a party regarding admission to and

---

[2] Defendants California Supreme Court and the named justices thereof are referred to herein as "State Defendants."  Defendants United States District Court for the Northern District of California and the named judges thereof are referred to herein as "Federal Defendants."

[3] *See Giannini v. Comm. of Bar Examrs.*, (C.D. Cal. 1987), *aff'd*, 847 F.2d 1434 (9th Cir. 1988) (*per curiam*); *Giannini v. Real*, 711 F. Supp. 992 (C.D. Cal. 1989), *aff'd*, 911 F.2d 354 (9th Cir. 1990), *cert. denied*, 498 U.S. 1012 (1990); *Morissette v. Yu*, Nos. 92-03252, 92-03253 (C.D. Cal. 1992), *aff'd*, *Morissette v. Yu*, 21 F.3d 1114 (9th Cir. 1994) (mem.); *McKenzie v. Rhenquist*, No. 97-01792 (D.D.C. 1997), *aff'd*, 203 F.3d 52 (D.C. Cir. 1999) (mem.) (*per curiam*), *cert. denied*, 531 U.S. 919 (2000), *reh'g denied*, 531 U.S. 1106 (2001); *McKenzie v. George*, No. 97-0403 (N.D. Cal. 1997); *McKenzie v. Wilson*, No. 98-0580 (N.D. Cal. 1998); *Paciulan v. George*, 38 F. Supp. 2d 1128 (N.D. Cal. 1999), *aff'd*, 229 F.3d 1226 (9th Cir. 2000), *cert. denied*, 531 U.S. 1077 (2001); *Id.* at Doc. 98 (Order Denying Leave to File) (N.D. Calif. April 2, 2010) (Walker, C.J.); *Id.* at Doc. 106 (Order Denying Leave to File) (N.D. Calif. Dec. 30, 2010) (Walker, C.J.); *Id.* at Doc. 107 (Order Rejecting Submission) (N.D. Calif Jan. 24, 2011) (Ware, C.J.); *Blye v. Kozinski*, No. 10-02014 (N.D. Cal. 2010), *aff'd*, 466 Fed. Appx. 650 (9th Cir. 2012), *cert. denied*, 132 S.Ct. 1975 (2012), *reh'g denied*, 132 S.Ct. 2794 (2012).

regulation of the practice of law in the State of California without first obtaining leave of the Chief Judge. *Paciulan v. George*, 38 F. Supp. 2d 1128, 1144-47 (N.D. Cal. 1999).

The original Complaint in this matter was filed on October 13, 2011. (Doc. 1.) The Complaint included the National Association for the Advancement of Multijurisdiction Practice as a party Plaintiff. (*Id*.) The case was related to the *Paciulan* matter, pursuant to Local Rule 3-12, on February 23, 2012. (Doc. 12.) A case management conference was held before the Honorable Susan Illston on July 3, 2012. (Doc. 33.) Defendant California Supreme Court filed a Motion to Dismiss on August 24, 2012. (Doc. 34.) Plaintiffs filed their First Amended Complaint on September 7, 2012, dropping the National Association for the Advancement of Multijurisdiction Practice as a party Plaintiff and adding Defendants Ninth Circuit Judicial Council and judges and the United States District Court for the Northern District of California and judges. (Doc. 40.) Because she was named as a party Defendant in the First Amended Complaint, Judge Illston recused herself from the matter on September 10, 2012. (Doc. 41.) The case was reassigned to the Honorable William Shubb on September 14, 2012. (Doc. 44.) Plaintiffs' moved for Judge Shubb's recusal, (Doc. 51), and Judge Shubb entered an order recusing himself from the case, (Doc. 52). The

undersigned was designated to preside over this case and related matters on November 2, 2012.  (Doc. 53.)

Plaintiffs filed their Motion for Summary Judgment on November 24, 2012. (Docs. 61-65.)  Hearing was set on Defendants' Motion to Dismiss.  (Doc. 71.) Plaintiffs' Motion for Summary Judgment was held in abeyance.  (*Id*.)  Plaintiff was granted leave to file a Second Amended Complaint, (*id*.), and did so on December 10, 2012, (Doc. 73.)  The Federal Defendants filed a Motion to Dismiss and Notice of Joinder in the State Defendants' Motion to Dismiss on December 14, 2012.  (Doc. 74.)  The Court heard argument on the Motions to Dismiss on January 22, 2013.  (Docs. 86, 89.)  Following the argument, Giannini submitted to the undersigned an *ex parte* application for leave to file this suit.  (Doc. 88.) Giannini later sought leave to appear as counsel to Plaintiff, (Doc. 98), moved to dismiss the Ninth Circuit Judicial Council Defendants, (Doc. 99), and submitted Requests for Judicial Notice, (Docs. 97, 102, 103, and 105).  This written order follows on the remaining dispositive motions in the case.

## II.   Discussion

The pre-filing Order entered by this Court in *Paciulan v. George* requires Joseph Giannini to meet conditions prior to filing any action, as attorney or party, raising challenge to regulation of the practice of law in California.  Specifically:

> Joseph R. Giannini is hereby ENJOINED from filing any further
> actions, either as an attorney or a party, in the United States District
> Court for the Northern District of California, regarding admission to
> and the regulation of the practice of law in the State of California
> without first obtaining leave of the Chief Judge of this court.  If
> Giannini wishes to file further actions regarding admission to and the
> regulation of practice of law in California, Giannini must attach a
> copy of this order to his application for leave to file such actions and
> supply a declaration supporting the application stating: (1) that the
> matters asserted in the new action have not previously been raised by
> him, as an attorney or a party, and disposed of on the merits by any
> court, state or federal; (2) that the claims are not frivolous or made in
> bad faith; and (3) that Giannini has conducted a reasonable
> investigation of the facts and certifies that they are accurate.  Failure
> to comply with any of these conditions shall be sufficient grounds to
> deny the application or dismiss the action, and any violation of this
> injunction may be treated as contempt of court.

*Paciulan*, 38 F. Supp. 2d at 1147.

The pre-filing order is applicable to this particular case.  At the outset there

was some dispute regarding the applicability of the pre-filing order because

Giannini did not initially appear as an attorney or party.  It is clear from the

hearing that he was the ghost writer for almost all of the pleadings and briefs.  The

National Association for the Advancement of Multijurisdiction Practice, an

organization for which Giannini serves as a Founding Director, was initially

named as a party Plaintiff and later removed from the Complaint.  (*Compare* Doc.

1 *with* Docs. 40, 73.)  This configuration of the parties and the concealment of

Giannini's status as an attorney for Plaintiffs was a deliberate and transparent

attempt to circumvent the *Paciulan* pre-filing order.[4]   Concern over the

applicability of the pre-filing order has been put to bed because Giannini has since

sought, (Doc. 98), and has been granted leave to appear as attorney for Plaintiffs,

(Doc. 108).  Furthermore, Plaintiffs and Mr. Giannini have stipulated to his direct

involvement in the drafting of pleadings and other documents in this case, (*see*

Docs. 89 at 38, 98-2 at 2), a matter hardly subject to denial.  Giannini is an

attorney in this case, so the pre-filing is applicable.

    The question now is the enforcement of the *Paciulan* pre-filing order.  The

United States District Court for the Northern District of California and the Chief

Judge and all other Judges duly appointed to the Court have been named as party

Defendants to this matter.  (*See* Doc. 73.)  The Chief Judge of this Court referred

the matter to Judge Shubb, (*see* Docs. 41 and 44), who later determined that

assignment of a judge not recused by virtue of their status as a Defendant was

necessary, (Doc. 52).  In light of the unavailability of the Chief Judge of this Court

---

[4] State Defendants Filed a Motion for Leave to File a Supplemental Brief immediately prior to the hearing on their Motion for Summary Judgment.  (*See* Doc. 78.)  The supplemental brief, declaration, and exhibits lodged concurrent to the Motion sought to prove Mr. Giannini's involvement in this action.  (*See* Docs. 79-84.)  The documents lodged by State Defendants include screenshots of file markup and metadata that remained a part of drafts of the Joint Case Management Statement exchanged by the parties.  These metadata definitively show Giannini's involvement in drafting the Joint Case Management Statement.  (*See* Docs. 82 at 24; 83 at 1, 14-17; 84 at 5-7, 10-11.)  While State Defendants' argument is an illustrative lesson in the potential effect of inadvertent disclosure of metadata on litigation, Giannini's appearance as an attorney in this matter renders the argument moot.

to adjudicate Plaintiffs' Application for Leave to File, logic dictates that the presiding judge must act on the application, given the disqualification and recusal of the Northern District Chief Judge.

Plaintiffs' Application is deficient as to claims advanced against the State Defendants.  In form, Plaintiffs have complied with the application procedure specified by the pre-filing order.  The application includes a copy of the *Paciulan* decision, (Doc. 88-4), and a supporting declaration, (Doc. 88.)  The supporting declaration, however, fails to show that the matters at issue in this case against the State Defendants have not been previously litigated and decided on the merits by any court.  The only assertion of novelty as to claims against the State Defendants is the representation that the challenges to California Rules of Court 9.44-46 advanced by the Second Amended Complaint are distinguishable from the claims at issue in *Paciulan*.  (*Id*. at 16.)  The claimed distinction is unpersuasive. *Paciulan* raised a facial challenge to the constitutionality of the California Rule of Court related to *pro hac vice* admission.[5]  38 F. Supp. 2d at 1130.  Giannini presents no distinguishing feature of his challenge to the current admission *pro*

---

[5] The California Rules of Court were reorganized in 2007.  The rule regarding admission *pro hac vice* challenged in *Paciulan* has been renumbered from 983 to 9.40.  *See* Conversion Chart, at 27, http://www.courts.ca.gov/documents/rules_conversion_table_06_06_06__2_.pdf (June 6, 2006).

*hac vice* rule to warrant re-litigation of the claims raised and set aside in *Paciulan*. The issues raised in this matter as to California Rules of Court 9.44-46, regarding registered foreign legal consultants, registered legal services attorney, and registered in-house counsel, are the same challenges to the rules of admission to practice law in California as those raised in *Paciulan*. The claims made against the State Defendants in the Second Amended Complaint are not novel. Leave to file against the State Defendants is, accordingly, denied. Having withheld leave to file claims against the State Defendants, the State Defendants' Motion to Dismiss, (Doc. 34), is well-taken so it is granted.

As to the Federal Defendants, Plaintiffs represent that the Supremacy Clause, First Amendment, and Rules Enabling Act challenges to this Court's Local Rules advanced by the Second Amended Complaint have not been litigated and decided and therefore meet the requirements of the *Paciulan* pre-filing order. This representation is well-taken. Leave to file these complaints against the Federal Defendants is granted. However the Second Amended Complaint is still subject to crossing an impossible legal hurdle.

Sovereign immunity shields Federal Defendants from Plaintiffs claims and deprives the Court of subject matter jurisdiction. Federal Defendants are the United States District Court for the Northern District of California and the named

judges thereof.  (Doc. 73.)  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).  When a entity acts within its official capacity, sovereign immunity attaches, so long as it is not unequivocally waived by the United States.  *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir, 1997).  Plaintiffs fail to respond to Federal Defendants' sovereign immunity claim in their Response to Federal Defendants' Motion to Dismiss.  (*See* Doc. 76.)  None of Plaintiffs' pleadings establish a waiver of sovereign immunity.  The surviving claims are subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1), as this Court lacks subject matter jurisdiction to hear claims against the Federal Defendants named in this action.  *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (absent a waiver of sovereign immunity a court lacks subject matter to entertain a suit against the United States).

Modification of the pre-filing order is not warranted.  State Defendants move for clarification and modification of the *Paciulan* pre-filing order.  (Doc. 34 at 23-25.)  They claim that the pre-filing order should expressly include the National Association for the Advancement of Multijurisidiction Practice within its scope and be further enlarged enjoin any person, organization, or entity acting with Giannini or the National Association.  (*Id*.)  A pre-filing order "is an

extraordinary remedy that should be narrowly tailored and rarely used." *Moy v. United States*, 906 F.2d 467, 470 (9th Cir. 1990).  Although Mr. Giannini has made numerous claims challenging the rules governing admission to practice law in California, *see supra* n.3, a pre-clearance requirement is not warranted simply because of litigiousness.  "[C]laims must not only be numerous, but also be patently without merit." *Moy*, 906 F.2d at 470.  Many of the prior cases pursued by Mr. Giannini sought to relitigate matters previously decided on the merits and were patently without merit.  This case includes a discreet set of claims against Federal Defendants regarding the Local Rules of this Court that have not been previously litigated.  Expansion or modification of the pre-filing order is not warranted at this time given the subset of claims made.  Furthermore, vexatious litigation is subject to sanction by virtue of Rule 11 and 28 U.S.C. § 1927.

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.  Such a penalty in this case, if warranted, is the statutory remedy for Giannini's continued pursuit of meritless claims.

## III.  Conclusion

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Application for

Leave to File, (Doc. 88), is GRANTED IN PART.  The Order here resolves the

Supremacy Clause, First Amendment, and Rules Enabling Act claims raised

against the Federal Defendants.  Leave to file all other claims, including all claims

raised against the State Defendants, is DENIED for failure to meet the

requirements of the *Paciulan* pre-filing order.

IT IS FURTHER ORDERED that State Defendants' Motion to Dismiss,

(Doc. 34), is GRANTED.  Federal Defendants' Motion to Dismiss, (Doc. 74), is

GRANTED.  The Orders to dismiss are with prejudice.  The now-operative

Second Amended Complaint is DISMISSED WITHOUT LEAVE TO AMEND.

IT IS FURTHER ORDERED that State Defendants Motion for Leave to

File Supplemental Brief, (Doc. 78), IS DENIED AS MOOT.

IT IS FURTHER ORDERED that State Defendants' Motion to Modify the

Pre-Filing Order, (Doc. 34), is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Summary

Judgment, (Docs. 61-65), is DENIED AS MOOT.

IT IS FURTHER ORDERED that the Clerk of Court shall forthwith notify

the parties of this Order and shall close this case.

//

//

DATED this 21st day of January, 2014.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT